IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

JOHN H. CRANDALL, #529202,        )
MOBERLY CORRECTIONAL CENTER,      )
MOBERLY, MISSOURI, 65270,         )
                                  )
                Plaintiff,        )
                                  )
-VS-                              )    Case No._____
                                  )
STEVEN E. MOORE, SUPT. OF         )    JURY TRIAL DEMANDED
WMCC; CRAIG SINGLETARY,           )
INVESTIGATOR AT WMCC; MAJOR       )
GRAY, WMCC; LEA PEMBERTON,        )    **02·6009-CV·SJ·3·P**
FUM, WMCC; C. BEAVA, FUM,         )
WMCC; DENIS H. AGNIEL, CHAIR,     )
MISSOURI BOARD OF PAROLE;         )
CRANSTON J. MITCHELL, MEMBER,     )
MISSOURI BOARD OF PAROLE;         )
FANNIE B. GAW, MEMBER,            )
MISSOURI BOARD OF PAROLE;         )
JANDRA D. CARTER, MEMBER,         )
MISSOURI BOARD OF PAROLE;         )
RICHARD D. LEE, MEMBER,           )
MISSOURI BOARD OF PAROLE;         )
DARREL D. ASHLOCK, MEMBER,        )
MISSOURI BOARD OF PAROLE, and     )
DONNA WHITE, MEMBER, MISSOURI     )
BOARD OF PAROLE,                  )
                                  )
                Defendants.       )



## CIVIL RIGHTS COMPLAINT
### WITH A JURY DEMAND

### I. Complaint

1.  Plaintiff, John H. Crandall, pro se, an inmate at
Moberly Correctional Center, Moberly, Missouri, for his
complaint states as follows: This is a 1983 action filed
by John H. Crandall, alleging violations of his
constitutional rights and seeking monetary damages,
declatory judgment, and injunctive relief. The plaintiff
requests a jury trial.

(1)

## II. Jurisdiction and Venue; Parties

2. This action arises under, and is brought pursuant to 42 U.S.C. §1983 to remedy the deprivation, under color of state law, of rights guaranteed by the Fifth and the Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. Plaintiff's claim for injunctive relief is authorized by 28 U.S.C. §§2283 and 2284, and Rule 65 of the Federal Rules of Civil Procedure. This cause of action arose in the Western District of Missouri, therefore, venue is proper under 28 U.S.C. §1391(b).

3. Plaintiff is presently confined in the Moberly Correctional Center, P.O. Box 7, Moberly, Missouri, 65270, but was confined at Western Missouri Correctional Center, Cameron, Missouri, at all times relevant herein.

4. Plaintiff is, and was at all times mentioned herein, an adult citizen, and a resident of the State of Missouri.

5. Defendant Steven E. Moore was at all times relevant herein employed as Superintendent of Western Missouri Correctional Center and is responsible for the operation and management of said institution; he is ultimately responsible for the approval and implementation of all institutional disciplinary proceedings and the training and supervision of the administrative personnel employed at Western Missouri Correctional Center; further he had personal, firsthand knowledge and involvement in the incidents described in this complaint, therefore no claim

(2)

of **respondeat superior** is made as to defendant Moore. He is sued in both his individual and official capacities.

6. Defendant Craig Singletary was at all times relevant herein an agent of defendant Moore, and was employed as an Investigator at Western Missouri Correctional Center. He was personally responsible for the collection of any and all evidence, statements, and other material pertinent to the conduct violation described in this complaint. He is sued in both his individual and official capacities.

7. Defendant Major Gray was at all times relevant herein an agent of defendant Moore, and was employed as Chief of Security of Western Missouri Correctional Center. He was personally responsible for the training of the correctional officers employed at said institution, and was responsible for the proper implementation of policies regarding searches of inmates. He is sued in both his individual and official capacities.

8. Defendant Lea Pemberton was at all times relevant herein an agent of defendant Moore, and was employed as Functioning Unit Manager at Western Missouri Correctional Center. She was the chairman of the hearing board when the original hearing was held against plaintiff on the conduct violation discussed in this complaint; it was defendant Pemberton who ordered that the disciplinary report be returned for re-write and re-interview due to technical error. She is sued in both her individual and official capacities.

(3)

9. Defendant Jessica Pierce was at all times relevant herein an agent of defendant Moore, and was employed as Functioning Unit Manager at Western Missouri Correctional Center. She was the chairman of the disciplinary hearing board that entered a finding of guilt on 9/10/99, with no substantial evidence, and after the report had been re-written twice. She is sued in both her individual and official capacities.

10. Defendant C. Beava (plaintiff is unsure of correct spelling of last name) was at all times relevant herein an agent of defendant Moore, and was employed as Acting Assistant Superintendent I at Western Missouri Correctional Center. She approved the action recommended by the disciplinary hearing board as it was submitted. She is sued in both her individual and official capacities.

11. Defendant Denis H. Agniel is employed by the State of Missouri as a member and Chairman of the Missouri Board of Probation and Parole. It is his ultimate responsibility to supervise and oversee the actions and decisions of the Missouri Board of Parole, and to assure that due process is afforded to each and every inmate appearing before the Board. He is sued in both his individual and official capacities.

12. Defendants Cranston J. Mitchel, Fannie B. Gaw, Jandra D. Carter, Richard D. Lee, Darrel B. Ashlock, and Donna White, are all employed by the State of Missouri as members of the Missouri Board of Probation and Parole. It is

(4)

their responsibility, after due process had, to determine whether to grant, deny, or revoke, parole release and/or supervised release, and to extend or leave as is, release dates granted to prisoners applying for parole consideration. They are sued in both their individual and official capacities.

### III. Previous Lawsuits By Plaintiff

13. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

### IV. Exhaustion of Administrative Remedies

14. Plaintiff asserts that he has properly and timely exhausted his Administrative Remedies. (Please see attached Exhibit)

### V. Statement of Facts

15. On June 14, 1999, while assigned to a work release detail with two other inmates (all assigned to Western Missouri Correctional Center) at Sutherland's Lumber in Cameron, Missouri, plaintiff was arrested by Cameron Missouri City Police, Officer Rick Bashor, and charge with conspiring to introduce a CDS into a penal institution. This arrest was the result of the monitoring of certain telephone calls of inmates by employees of Western Missouri Correctional Center. Plaintiff's name was never mentioned in any of said phone calls, nor was there any other evidence of plaintiff's culpability, nor were there any drugs of any kind taken from plaintiff's

(5)

person, yet plaintiff, and not the other two inmates assigned to the work detail, was charged under Dekalb County Docket number CR600-682FX with the offense of Attempt to commit the offense of possession of a controlled substance. Plaintiff shows that these charges were subsequently dismissed after acquittal at trial by jury on September 13, 2001. (See attached Exhibit)

16. On June 14, 1999, defendant Singletary issued a conduct violation report against plaintiff charging him with Possession/Use of an Intoxicating Substance--Conspiring to Introduce Drugs into WMCC. This violation report was ordered to be re-written twice by the disciplinary hearing board before it was finally "acceptable" to be heard, because of "technical error."

17. On September 14, 1999, after two re-write of the violation report, the disciplinary hearing board found plaintiff guilty, and listed as the evidence relied on: "Inv. Singletary statement in the conduct violation that Officer Bashor felt a bulge around the waist area of inmate Crandall which was later identified as drugs. There was no mention of a written statement from Officer Bashor, and the lab report from the State Police on the articles found not on the plaintiff, but in the seat of a van in which there were two other inmates present, proved to not be drugs at all. (Please see attached Exhibits) Moreover, plaintiff was not allowed to call witnesses in his defense nor was he allowed to refute and statement,

(6)

of Officer Bashor, because none was present at the hearing. Further, the disciplinary hearing board listed as one of their recommendations, or punishments, that the plaintiff be referred to the institutional parole officer for possible extension of his release date, which had previously been set by the Parole Board, thereby rendering a "state created liberty interest." Plaintiff would assert that prisoners faced with revocation of good time credits (or other diminution of sentence) have a qualified due process right to call witnesses in their defense. **Whitlock v. Johnson, 153 F.3d 380 (7thCir. 1998),** and further, if a state has created the right to good time (or other diminution of sentence), a prisoner is entitled to that "liberty" and the state may not arbitrarily deny it. **Wolff v. McDonnell, 418 U.S. 539, 41 L.Ed.2d 935, 94 S.Ct. 2963 (1974).** In the instant case, the plaintiff had a "state created liberty interest" created when the Missouri Board of Probation and Parole, on June 16, 1998, granted him a release date of May 21, 2000. This date was later amended by the Board, as a result of this disciplinary hearing and finding of guilt on same, to February 21, 2002. (See attached Exhibits) The plaintiff would contend that the defendants herein have denied him his rights to due process as afforded by the Fifth and Fourteenth Amendments to the United States Constitution, in that the disciplinary hearing board denied him the right to call witnesses in his defense and failed to allow him

(7)

the opportunity to refute any statements, written or otherwise, of Officer Bashor by not having same present for the hearing. Further, the defendants have denied the plaintiff his due process rights by allowing the conduct violation report to be re-written twice prior to it being heard by the disciplinary hearing board, in order to assure that they would obtain a finding of guilt. This is entirely too many illegal "bites of the same apple."

18. On October 14, 1999, as a direct result of the finding of guilt on the conduct violation report, the Missouri Board of Probation and Parole, without benefit of informal hearing, and without substantial evidence, amended the previously set release date of plaintiff from May 21, 2000, to February 21, 2002. Plaintiff asserts that though a parole revocation does not call for the full panoply of rights due a defendant in a criminal proceeding, a parolee's liberty involves significant values within the protection of the Due Process Clause of the Fourteenth Amendment, and termination of that liberty requires an informal hearing to give assurance that the finding of a parole violation is based on verified facts to support the revocation. In the instant case, the Board relied entirely on the unsubstantiated allegations contained in the prison conduct violation report. **Morrissey v. Brewer**, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) Further, plaintiff asserts that the Parole Board abused

(8)

its discretion in ruling that a single piece of hearsay evidence (the disciplinary report) established by a preponderance of the evidence that the plaintiff had engaged in new criminal conduct. Taylor v. U.S. Parole Commission, 734 F.2d. 1152 (6thCir. 1984) Moreover, state statutes, rules, and regulations can create a constitutionally protected liberty interest in parole, Patten v. North Dakota Parole Board, 783 F.2d. 140 (8thCir. 1986), and a parolee has liberty interest in parole and, thus, due process protections apply to parole revocation proceedings. Bennett v. Bogan, 66 F.3d. 812 (6thCir. 1995) Also, among due process requirements that must accompany revocation of parole is written statement by factfinders as to the evidence relied on and reasons for revoking parole. U.S. v. Sesma-Hernandez, 253 F.3d. 403 (9thCir. 2001) Plaintiff asserts and shows that the Parole Board, again, without benefit of hearing and without due process, extended his release date, and cited as its reasons for same: "File review, and there does not appear to be a reasonable probability that you would live and remain at liberty without again violating the law based upon the following: poor institutional adjustment." There was no written statement by factfinders, nor was an informal hearing held. The Board merely arbitrarily extended the release date of the plaintiff, and in doing so, violated plaintiff's constitutionally protected right to due process.

(9)

19. The defendants have failed to take corrective actions concerning the allegations contained in this complaint.

20. Plaintiff has suffered actual injury due to the actions of the defendants in that he has been forced to remain in physical custody some 21 months past the time he was originally scheduled to be released, thereby creating a false imprisonment. Plaintiff has further suffered actual injury in that he has been unconstitutionally deprived of the ability to work and earn a living for those same 21 months, and has therefore lost any monies he may have earned in that time.

## VI. Statement of Claim

21. Plaintiff realleges and incorporates by reference, paragraphs 1-20 herein and further asserts that his Fifth and Fourteenth Amendment rights to due process were violated by the defendants herein when they first denied him due process in his disciplinary hearing, even though his freedom was in jeopardy, and again when the Parole Board arbitrarily extended his release date, without benefit of informal hearing or due process.

## VII. Prayer for Relief

WHEREFORE PLAINTIFF PRAYS, that this Honorable Court grant the relief requested as follows:

A. Issue a declatory judgment that the defendants violated the United States Constitution when they failed to afford plaintiff due process in the disciplinary hearing and in the extension of his parole release date.

B. Issue an injunction ordering the Missouri Department of Corrections to expunge the disciplinary report discussed in this complaint from his record, and ordering the Missouri Board of Probation and Parole to remove plaintiff from any further supervision.

C. Grant compensatory damages in the amount of $1,000.00 per day for each day past May 21, 2000 that plaintiff is held in custody.

D. Grant punitive damages against each defendant in the amount of $5,000.00.

E. Grant such other relief as this Court may deem equitable and just.

Signed this _30_ day of _Jan._, 2002.

Respectfully Submitted:

_John H Crandall_

John H. Crandall

## DECLARATION

I, John H. Crandall, plaintiff herein, declare under penalty of perjury, that the above and foregoing is true and correct to the best of my knowledge and belief.

Date: _Jan 30, 2002_

_John H Crandall_

John H. Crandall

(11)

December 26, 2001


Grievance Office
Administration Bldg.
MCC

Re:  Grievance filed against WMCC

Dear Ms. Herrin:

As to the above referenced grievance, I would like to
proceed to the next step.  As per your letter to me,
Central Office received the grievance on 11-14-2000.
It has now been 42 days and I still have not received
a response.  Therefore, I would like to proceed to the
next step, or if I am able legally, I would like to
exhaust the matter in order to be able to put the matter
in the hands of the Courts.

Thank you,

John H. Crandall #529202
HU2B-420


cc:  file

WMCC-01 - 1752

John,
    I am sending you the
second appeal form, however
the Division is over the
30 day timeframe, therefore
the courts do not require
that you proceed. You can
litigate at this point.

# DOCKET SHEET

Circuit Court    DeKaLB    County, Missouri

© 1988 - Elkins-Swyers Co., Springfield, Mo. - V-1379 - Form 169-PRT

| File No.: CR600-682FX | STATE OF MISSOURI | J. Bartley Spear, Jr |
|---|---|---|
| | Plaintiff or Petitioner | |
| Nature of Action: | vs. | Atty. for Plaintiff or Petitioner |
| Possession of a Contrlled Substance | JOHN H. CRANDALL | David Miller |
| | Defendant or Respondent | Atty. for Defendant or Respondent |

| DATE | Orders of Court |
|---|---|
| 09 07 01 | Per fax request, four subpoenas issued for Defense.  pje |

9 12 2001 The above matter was heard in the Circuit Court of DeKalb County Missouri before the Hon Barbara Stone and a jury. State appears by Prosecutor, Hon J. Bartley Spear. Comes also the Defendant, in person in the custody of DOC with counsel Hon. David Miller and Hon. Jane Dunn. State files amended Information. Defendant having reviewed same with counsel waives formal arraignment and announces ready for trial. State files Motion in Limine and the motion is heard. Court sustains paragraphs 1, 2, 3 & 4 of the Motion in Limine and as for paragraph 5, the motion is sustained however Court will allow testimony as to any facts that occurs. State makes oral motion in limine to prohibit argument of Defense on issue of punishment, Court takes same under advisement. Defendant makes motion in Limine to prohibit State reference to two letters. Same is sustained based upon potential evidence of crimes not charged. Inst 300.02 read to jury panel. Voir dire examined. Defendant's Motion received at this moment in mail. Motion by Defendant withdrawn. Jury empaneled and sworn to try the case. Instructions 300.06, 302.01 and 302.02 read to jury. State opens. Defendant opens. State adduces evidence. Three subpoenaed State witness fail to appear, to wit Craig Singletary, Brook Montemeyer and Jonathan Sully. State unable to proceed dismisses at State cost. So Ordered. File ordered closed. Cost taxed to State. PD judgment entered of $750 & copy given to Defendant. Defendant discharged & remanded to DOC.

Judgment Entered
Barbara Stone
Assigned J.

Case 5:02-cv-06009-ODS   Document 1   Filed 02/04/02   Page 13 of 24



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**CONDUCT VIOLATION REPORT**

| NAME OF INSTITUTION | DATE |
|---|---|
| WMCC | July 20, 1999 |

| INMATE NAME | REGISTER NUMBER | ASSIGNMENT | H.U. |
|---|---|---|---|
| CRANDALL, John H. | 529202 | L27 | 1B225B |

VIOLATION OF RULE
#11--Possession/Use of an Intoxicating Substance--Conspiring to Introduce Drugs into WMCC

| AT | TIME | A.M. P.M. | DAY | DATE | PLACE |
|---|---|---|---|---|---|
| | 8:50 | P.M. | Monday | 6-14-99 | WMCC Off Site |

THE FOLLOWING EVENTS OCCURRED

While conducting routine phone monitoring on the DVL-2000 Voice Logger, a phone conversation was monitored between a Nicole and Griswold, Christopher #535305 and Susan Fulton and White, Clifford #520031 previously identified through conversations. They were discussing dropping off the drugs at Sutherland's in Cameron. The women were to place the drugs under the cardboard recycling bin and to grease it up good. The narcotics would be picked up by work release inmates on June 14, 1999.

Officer Rick Bashor arrived at the drop point and on the above date and approximate time apprehended the two inmates, John Crandall #529202 and William Groce #523665. Upon doing a pat search, Officer Bashor felt a bulge around the waist area of inmate Crandall which was later identified as the drugs. He immediately advised Investigator Singletary who contacted COII Brook Montemayor and COI Jonathan Pulley to come out and take custody of the two work release inmates and conduct a thorough search of them.

The above action places inmates Crandall #529202 and Groce #523665 in violation of Rule #11--Possession/Use of an Intoxicating Substance, Conspiring to Possess Drugs, Conspiring to Introduce Drugs into a Penal Institution (WMCC).

This violation has been held up pending the complete investigation.

NOTE: The drop point at Sutherland's parking lot where inmates Crandall and Groce were was under video surveillance by Cameron Police Department.

| SIGNATURE OF REPORTING EMPLOYEE | PRINT NAME | TITLE |
|---|---|---|
| | Craig Singletary 35184 | INV II |

1. You have the right to written notice of the alleged violation prior to a hearing.
2. You have the right to a hearing.
3. You may be allowed to present documentary evidence at the hearing.
4. Witnesses may be allowed.
5. You have the right to the written findings and decision.
6. You have the right to appeal the decision as set forth in IS8-2.1 Inmate Grievance Procedures.

**REPORT OF JOINT INTERVIEW BY INTERVIEWING STAFF** ▶

| | TIME | A.M. P.M. | DATE |
|---|---|---|---|

Inmate Refused to Sign Waiver of Rights
No Statement taken

| WITNESS REQUESTED | | PRINT NAME OF INTERVIEWER AND TITLE |
|---|---|---|
| ☐ YES ☑ NO | IF "YES", COMPLETE WITNESS REQUEST (MO 931-0259) | T. Freeland COI |

I UNDERSTAND MY RIGHTS AND HAVE RECEIVED A COPY OF THIS CONDUCT VIOLATION REPORT.

| INMATE SIGNATURE | REGISTER NUMBER | SIGNATURE OF INTERVIEWER |
|---|---|---|
| | | T. Freeland COI 35189 |

MO 931-0395 (3-92)     DISTRIBUTION: **WHITE** - ATTACH TO DISCIPLINARY ACTION REPORT; **CANARY** - INMATE

| INSTITUTION | HOUSING UNIT | CUSTODY LEVEL | RULE VIOLATION |
|---|---|---|---|
| WMCC | 1B 225B | C-1 | # 11 |

INMATE NAME Crandall, John

| DOC NUMBER | ASSIGNMENT | REFERRED | INITIALS |
|---|---|---|---|
| 529202 | C-27 | ☒ | mol |

REASON REFERRED due to the seriousness of the violation

| | TIME | DATE |
|---|---|---|
| | 8:45 ☒ A.M. ☐ P.M. | 7-22-99 |

FINDINGS AND EVIDENCE RELIED ON ▶

| | TIME | DATE |
|---|---|---|
| | 12:10 ☐ A.M. ☐ P.M. | 7-27-99 |

Subject signed Miranda rights and waiver of rights this date. Subject requested inmate counsel substitute David Upjyg #506038 who was present at the hearing and requests no witnesses. _____
AHO7 finds no findings due to technical error due to no time or date of interview on violation

arrival 7-31-97        1st CDV in last 6 months

**RECOMMENDATION**

No findings - return for re write and re interview due to technical error

HEARING STAFF SIGNATURE Pemberton Tim 06803

| DATE |
|---|
| 7/27/99 |

I HAVE BEEN INFORMED OF THE EVIDENCE RELIED ON AND THE FINDINGS AND RECOMMENDATIONS.

INMATE SIGNATURE John Crandall

| DOC NUMBER | DATE | REFUSED TO SIGN |
|---|---|---|
| 529202 | 7-27-99 | ☐ |

**RECOMMENDED ACTION OF THE ASSOCIATE SUPERINTENDENT/UNIT MANAGER**

☒ RECOMMENDED AS SUBMITTED          ☐ RECOMMENDED MODIFICATIONS

SIGNATURE

| DATE |
|---|
| 7/27/99 |

**ACTION OF SUPERINTENDENT/ASSOCIATE SUPERINTENDENT**

☒ APPROVED AS SUBMITTED          ☐ APPROVED AS MODIFIED          ☐ OTHER

SIGNATURE

| DATE |
|---|
| 7-27-99 |

MO 931-0086 (7-93)          DISTRIBUTION:   **BLUE** - CLASSIFICATION FILE VIA DATA ENTRY OPERATOR          **CANARY** - INMATE



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**CONDUCT VIOLATION REPORT**

| NAME OF INSTITUTION | DATE |
|---|---|
| W.M.C.C. | 8-27-99 |

| INMATE NAME | REGISTER NUMBER | ASSIGNMENT | |
|---|---|---|---|
| CRANDALL, JOHN N. | 529202 | L27 | 0022500J |

VIOLATION OF RULE
#11-Possession/Use of an Intoxicating Substance-Conspiring to Introduce Drugs into W.M.C.C.

| AT TIME 9:50 ☑AM ☐P.M. | DAY Monday | DATE 6-14-99 | PLACE WMCC off Site |
|---|---|---|---|

THE FOLLOWING EVENTS OCCURRED

While conducting routine phone monitoring on the DVL 2000 Voice Logger, a phone conversation was monitored between a Nicole and Griswold,Christopher #535305 and Susan Fulton and White,Clifford #520031 previously identified through conversations. They were discussing dropping off the drugs at Sutherlands in Carson. The times were to place the drugs under the cardboard recycling bin and to grease it up good. The narcotics would be picked up by work release inmates on June 14, 1999.

Officer Rick Baker arrived at the drop point and on the above date and approximate time apprehended the two inmates, John Crandall #529202 and William Grose #523505. Upon doing a pat search, Officer Baker felt a bulge around the waist area of inmate Crandall which was later identified as the drugs. He immediately advised Investigator Singletary who contacted COII Brook Montemayor and COI Jonathan Riley to come out and take custody of the two work release inmates and conduct a through search of them.

The above action places inmates Crandall #529202 and Grose #523505 in violation of Rule #11 Possession/Use of an Intoxicating Substance, Conspiring to Possess Drugs, Conspiring to Introduce Drugs into a Penal Institution (WMCC). This violation has been held up pending the complete investigation.

Note: The drop point at Sutherland's parking lot where inmates Crandall and Grose were was under video surveillance by Carson Police Department.

This violation rewritten and reinterviewed due to technical error.

| SIGNATURE OF REPORTING EMPLOYEE | PRINT NAME Craig Singletary 36164 | TITLE INV II |
|---|---|---|

1. You have the right to written notice of the alleged violation prior to a hearing.
2. You have the right to a hearing.
3. You may be allowed to present documentary evidence at the hearing.
4. Witnesses may be allowed.
5. You have the right to the written findings and decision.
6. You have the right to appeal the decision as set forth in IS8-2.1 Inmate Grievance Procedures.

**REPORT OF JOINT INTERVIEW BY INTERVIEWING STAFF** ▶ | TIME 1:40 ☐A.M. ☑P.M. | DATE 8-27-99 |

Reporting Staff and Inmate Jointly interviewed.

Inmates Statement: No Statement

To be seen by Unit Team at a later date.

| WITNESS REQUESTED ☐YES ☑NO IF "YES", COMPLETE WITNESS REQUEST (MO 931-0259) | PRINT NAME OF INTERVIEWER AND TITLE Brook Montemayor #35105 COII |
|---|---|

I UNDERSTAND MY RIGHTS AND HAVE RECEIVED A COPY OF THIS CONDUCT VIOLATION REPORT.

| INMATE SIGNATURE John Crandall | REGISTER NUMBER 529202 | SIGNATURE OF INTERVIEWER Brook Monte COII |
|---|---|---|

MO 931-0395 (3-92)   DISTRIBUTION:   WHITE - ATTACH TO DISCIPLINARY ACTION REPORT;   CANARY - INMATE

| INSTITUTION | HOUSING UNIT | CUSTODY LEVEL | RULE VIOLATION |
|---|---|---|---|
| WMCO | 1B2250 | C-1 | #11 |

INMATE NAME Crandall, John

| DOC NUMBER | ASSIGNMENT |
|---|---|
| 525202 | C-27 |

REASON REFERRED Due to the Seriousness of CDU #11

| TIME 9:20 ☑ A.M. ☐ P.M. | DATE 9-2-55 |
|---|---|
| REFERRED ☑ | INITIALS PA |

**FINDINGS AND EVIDENCE RELIED ON ▶**

| TIME 412 ☐ A.M. ☐ P.M. | DATE 9-7-99 |
|---|---|

Subject signed Miranda rights and waiver of rights this date. Subject does not request any witnesses but does request inmate counsel substitute David Lloyd #506038 who was present. *J Crandall*

At 07 subject states "I'm glad this is over"

At 07 finds subject ~~[illegible struck text]~~

~~[illegible struck text]~~

"no findings" and returns violation for re-write due to technical errors.

Subject withdraws request for inmate counsel substitute David Lloyd 506038 at this hearing for this time *J Crandall*

Serious 1 7-31-57                    2nd CDU in 6 months

**RECOMMENDATION**

No findings - return for re-write due to technical errors on violation.

| HEARING STAFF SIGNATURE *Aia Pemberton* UM 06803 | DATE 9/7/99 |
|---|---|

I HAVE BEEN INFORMED OF THE EVIDENCE RELIED ON AND THE FINDINGS AND RECOMMENDATIONS.

| INMATE SIGNATURE *John Crandall* | DOC NUMBER 525202 | DATE 9-7-99 | REFUSED TO SIGN ☐ |
|---|---|---|---|

**RECOMMENDED ACTION OF THE ASSOCIATE SUPERINTENDENT/UNIT MANAGER**

☑ RECOMMENDED AS SUBMITTED      ☐ RECOMMENDED MODIFICATIONS

| SIGNATURE *Mon* | DATE 9-7-99 |
|---|---|

**ACTION OF SUPERINTENDENT/ASSOCIATE SUPERINTENDENT**

☑ APPROVED AS SUBMITTED      ☐ APPROVED AS MODIFIED      ☐ OTHER

| SIGNATURE | DATE 9-7-99 |
|---|---|

MO 931-0086 (7-93)      DISTRIBUTION:   BLUE - CLASSIFICATION FILE VIA DATA ENTRY OPERATOR   CANARY - INMATE



STATE OF MISSOURI
DEPARTMENT OF CORRECTIONS
**CONDUCT VIOLATION REPORT**

| NAME OF INSTITUTION | DATE |
|---|---|
| WMCC | September 9 , 1999 |

| INMATE NAME | REGISTER NUMBER | ASSIGNMENT | 010 **19A** |
|---|---|---|---|
| CRANDALL, John H. | 529202 | S-03 | 002 03 OOT |

VIOLATION OF RULE
#11--Possession/Use of an Intoxicating Substance--Conspiring to Introduce Drugs into WMCC

| | TIME 8:50 ☑ A.M. ☐ P.M. | DAY Monday | DATE 6-14-99 | PLACE WMCC Off Site |
|---|---|---|---|---|
| AT | | | | |

THE FOLLOWING EVENTS OCCURRED     This violation has been rewritten due to technical error.

While conducting routine phone monitoring on the DVL-2000 Voice Logger, a phone conversation was monitored between a Nicole and Griswold, Christopher #535305 and Susan Fulton and White, Clifford #520031 previously identified through conversations. They were discussing dropping off the drugs at Sutherland's in Cameron. The women were to place the drugs under the cardboard recycling bin and to grease it up good. The narcotics would be picked up by work release inmates on June 14, 1999.

Officer Rick Bashor arrived at the drop point and on the above date and approximate time apprehended the two inmates, John Crandall #529202 and William Groce #523665. Upon doing a pat search, Officer Bashor felt a bulge around the waist area of inmate Crandall which was later identified as the drugs. He immediately advised Investigator Singletary who contacted COII Brook Montemayor and COI Jonathan Pulley to come out and take custody of the two work release inmates and conduct a thorough search of them.

The above action places inmates Crandall #529202 and Groce #523665 in violation of Rule #11--Possession/Use of an Intoxicating Substance, Conspiring to Possess Drugs, Conspiring to Introduce Drugs into a Penal Insititution (WMCC).

This violation has been held up pending the complete investigation.

NOTE:     The drop point at Sutherland's parking lot where inmates Crandall and Groce were was under video surveillance by Cameron Police Department.

| SIGNATURE OF REPORTING EMPLOYEE | PRINT NAME | TITLE |
|---|---|---|
| [signature] 35164 | Craig Singletary 35164 | INV II |

1. You have the right to written notice of the alleged violation prior to a hearing.
2. You have the right to a hearing.
3. You may be allowed to present documentary evidence at the hearing.
4. Witnesses may be allowed.
5. You have the right to the written findings and decision.
6. You have the right to appeal the decision as set forth in IS8-2.1 Inmate Grievance Procedures.

| **REPORT OF JOINT INTERVIEW BY INTERVIEWING STAFF** ▶ | TIME 2:15 ☐ A.M. ☑ P.M. | DATE 9-9-99 |
|---|---|---|

Inmate AND Reporting Staff Jointly Interviewed.
Inmate Statement: No Statement

to be Seen By DHO at a later date.

| WITNESS REQUESTED ☐ YES ☑ NO   IF "YES", COMPLETE WITNESS REQUEST (MO 931-0259) | PRINT NAME OF INTERVIEWER AND TITLE Karen Konis COII 24504 |
|---|---|

I UNDERSTAND MY RIGHTS AND HAVE RECEIVED A COPY OF THIS CONDUCT VIOLATION REPORT.

| INMATE SIGNATURE [signature] | REGISTER NUMBER 529202 | SIGNATURE OF INTERVIEWER [signature] |
|---|---|---|

MO 931-0395 (3-82)     DISTRIBUTION:   **WHITE** - ATTACH TO DISCIPLINARY ACTION REPORT;   **CANARY** - INMATE

# STATE OF MISSOURI
## DEPARTMENT OF CORRECTIONS
### DISCIPLINARY ACTION REPORT

| INSTITUTION | HOUSING UNIT | CUSTODY LEVEL | RULE VIOLATION |
|---|---|---|---|
| WMCC | 1B2256 | C-1 | #11 |

| INMATE NAME | DOC NUMBER | ASSIGNMENT |
|---|---|---|
| Crandall, John | 529202 | L-27 |

REASON REFERRED: Subject Referred, Due to the Seriousness of COV

| TIME | DATE | REFERRED | INITIALS |
|---|---|---|---|
| 9:00 ☑ A.M. ☐ P.M. | 9-10-99 | ☑ | AMA |

## FINDINGS AND EVIDENCE RELIED ON ▶

| TIME | DATE |
|---|---|
| 11:20 ☐ A.M. ☑ P.M. | 9/14/99 |

Subject signed the miranda statement of rights and signed the waiver of rights. Subject's legal counsel Reed Lloyd was present for the hearing. Subject requested no new process witnesses and presents no documentary evidence.
Subject states: "the drugs were found in the van by officer Ridley. I had nothing on me. I am not guilty of this." OBS

Findings: Guilty

Evidence: Any Suglctary statement in the conduct violation that Officer Ridley felt a bulge around the waist area of inmate Crandall which was described as drugs. Inmate Crandall was on work release working Sutherland's ___ ____. Therefore subject is in violation of COV #11 possession/use of an intoxicating substance, conspiracy to possess drugs, conspiring to introduce drugs into a penal institution (WMCC) annual at WMCC 7/31/99     3rd COV in 12 months

## RECOMMENDATION

1) Refer to the Administrative Segregation Committee for ___
2) Refer to institutional parole officer for possible extension of release ___ date.
3) Given no contact visiting beginning 9/14/99 to 9/13/2000
4) Given restriction from premium pay beginning 9/14/99 to 9/13/2000.
5) Refer to substance abuse Program.
6) Refer to ___ ___ for possible prosecution ___ ___ to incarceration office.

| HEARING STAFF SIGNATURE | DATE |
|---|---|
| Jessica Pierce CPIIR 39701    Jessica Pierce | 9/14/99 |

I HAVE BEEN INFORMED OF THE EVIDENCE RELIED ON AND THE FINDINGS AND RECOMMENDATIONS.

| INMATE SIGNATURE | DOC NUMBER | DATE | REFUSED TO SIGN |
|---|---|---|---|
| John Wald Crandall CPA 41790 | | | ☑ JR-Suly 1790 |

## RECOMMENDED ACTION OF THE ASSOCIATE SUPERINTENDENT/UNIT MANAGER

☑ RECOMMENDED AS SUBMITTED     ☐ RECOMMENDED MODIFICATIONS

| SIGNATURE | DATE |
|---|---|
| Beaver act ASIM | 9-14-99 |

## ACTION OF SUPERINTENDENT/ASSOCIATE SUPERINTENDENT

☑ APPROVED AS SUBMITTED     ☐ APPROVED AS MODIFIED     ☐ OTHER

| SIGNATURE | DATE |
|---|---|
| | 9-14-99 |

MO 931-0086 (7-93)     DISTRIBUTION:  **BLUE** - CLASSIFICATION FILE VIA DATA ENTRY OPERATOR     **CANARY** - INMATE




MISSOURI STATE HIGHWAY PATROL
CRIME LABORATORY DIVISION
*An ASCLD Accredited Laboratory*
Forensic Laboratory Report

Lab Number: __HL-024937__
Date Rec'd: __07-21-1999__
Time Rec'd: __1045__

Received From: __Police Department__
Telephone #: __816-632-6521__
Location: __Cameron, Mo__  Date of Crime: __06-14-1999__
Type of Crime: __Drug Violation__
Delivered By: __Officer Don Fritz__
Agency Report #: __99060394__  Agency Related Report #: ___
Container(s): __1 (s) plastic bag__
Type of Examination(s): __Marihuana__
* * * * * * * * *  (Names and possible association to case) * * * * * * * * *
Crandall, John

* * * * * * * * * * * * (Description of Evidence)  * * * * * * * * * * * * * *

1.  One sealed plastic bag containing three black-taped cylinders each
    containing paper towels.

DRUG EXAMINATIONS BY KEVIN F. KRAUTMANN

The cylinders in specimen #1 fail to reveal controlled substances.

"The undersigned, do hereby certify, that the above and foregoing is a
true and accurate copy of the results of lab tests conducted."
"Signed this _____ day of _____, __."

Kevin F. Krautmann Criminalist

**PLEASE REFER TO THE ABOVE MISSOURI STATE HIGHWAY PATROL CRIMINAL LABO-
RATORY NUMBER FOR ALL CORRESPONDENCE AND SUBPOENA INFORMATION REGARDING
THIS CASE.**

The specimen(s) submitted should be picked up as soon as possible.

KFK:dad



*Inmate Copy*

Name JOHN H CRANDALL
Number 529202
Institution/Housing Unit WMCC/005
Minimum Mandatory Release Date _____

### RELATING TO RELEASE CONSIDERATION

_ 1. You have been scheduled for a parole hearing _____.

_ 2. At your request, your case has been closed to further parole consideration.

_ 3. You have been given parole consideration in a parole hearing _____. You will be scheduled for a reconsideration hearing _____.

X 4. You have been scheduled for release from confinement on 05/21/2000.

   Actual release depends upon continued record of good conduct and an acceptable release plan. The release decision is:

   X Guideline      Below Guideline      Above Guideline

   Special Conditions of release are:

   **CRC Work Release, No Drinking, Other Special Condition, Substance Abuse Program-**

   Strategy Stipulation Date: _____

_ 5. Your previously set release date has been cancelled.

_ 6. Your conditional release date has been extended to _____.

_ 7. The Board has reviewed your appeal. It is the decision of the Board to _____ your appeal.

_ 8. You have been scheduled for a Conditional Release Extension hearing on _____.

The reasons for the action taken are:

*GAMBLER'S ANONYMOUS.

Name JOHN H CRANDALL
Number 529202
Institution/Housing Unit MCC/002A·323    DNR
Minimum Mandatory Release Date N/A

### RELATING TO RELEASE CONSIDERATION

_ 1. You have been scheduled for a parole hearing _____.

_ 2. At your request, your case has been closed to further parole consideration.

_ 3. You have been given parole consideration in a parole hearing _____. You will be scheduled for a reconsideration hearing _____.

X 4. You have been scheduled for release from confinement on 02/21/2002.

Actual release depends upon continued record of good conduct and an acceptable release plan. The release decision is:

Guideline        Below Guideline        Above Guideline

Special Conditions of release are:

**CRC Treatment Program, No Drinking,
Other Special Condition, Substance Abuse Program**

Strategy Stipulation Date: _____

X 5. Your previously set release date has been cancelled.

_ 6. Your conditional release date has been extended to _____.

_ 7. The Board has reviewed your appeal. It is the decision of the Board to _____ your appeal.

_ 8. You have been scheduled for a Conditional Release Extension hearing on _____.

The reasons for the action taken are:

File Review
Presumptive Release Date Extended
Change in Special Conditions/Strategies

There does not appear to be a reasonable probability at this
time that you would live and remain at liberty without again
violating the law based upon the following:

Bail set at $ 25,000 °° by Judge

## WARRANT FOR ARREST

CR600·6D2F

State of Missouri _____ )
County of ColeDeKalb _____ )  ss.

OCN _____

IN THE CIRCUIT COURT, DIVISION III WITHIN AND FOR SAID COUNTY

THE STATE OF MISSOURI TO ANY PEACE OFFICER IN THE STATE OF MISSOURI:
The court, having found probable cause, hereby commands you to arrest

JOHN H. CRANDALL
609 East Pence Road
Cameron, MO 64429
SSN: 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    DOB: 08/25/65    INMATE NO:
Male White    5'9"  200

who is charged with    ATTEMPT TO COMMIT THE OFFENSE OF POSSESSION OF
A CONTROLLED SUBSTANCE,  as per attached COMPLAINT,

alleged to have been committed within the jurisdiction of this court and in violation of the laws of
the State of Missouri, and to bring him/her forthwith before this court to be here dealt with in
accordance with law; and you, the officer serving this warrant, shall forthwith make return hereof
to this court.

WITNESS THE HONORABLE _Warren L McElwain_, Judge of the said
court and the seal thereof, issued in the county and state aforesaid on this _27th_ day of
_July_, 2000.

_Warren L McElwain_
Judge

Bond set at $ 25,000 °° (wur)

**RETURN:**
Served the within warrant in my County of _____, and in the State of
Missouri on this _____ day of _____, _____, by arresting the within named John H.
Crandall , and producing him/her before the said court on the _____ day of _____,
20___.

Fees _____ $_____

Mileage _____ $_____

_____
Signature

Total _____ $_____

Title

--------------------------------------------------------------------------------
Institution: MOBERLY CORRECTIONAL CENTER                    Date: 08/04/2000

To: CRANDALL, JOHN H.              Assigned: MCC        DOC ID: 00529202
Detainer Type: Missouri

**Detainer Special Information or Comments**
WARRANT NO. CR600-682F  ATTEMPT TO COMMIT THE OFFENSE OF POSSESSION OF A
                        CONTROLLED SUBSTANCE
SHERIFF DEKALB COUNTY

        Detainer Interview Date: 08/10/2000
Detainer Withdrawn Date & Reason: 09/13/2001  DISMISSED

--------------------------------------------------------------------------------

DETAINER, HERETOFORE PLACED AGAINST THE ABOVE NAMED INMATE IN FAVOR OF

Law Agency: DEKALB COUNTY SHERIFF'S DEPARTMENT
Authority:  BRAD MEFFORD                        Title: SHERIFF
Phone Number: 816-449-5802  Fax:          Ext:
Address: DEKALB COUNTY COURTHOUSE        P.O. BOX 317
City: MAYSVILLE              State: MO Zip Code: 64469      County: DEKALB

EFFECTIVE DATE: 09/13/2001   **IS WITHDRAWN**

--------------------------------------------------------------------------------

| RECORDS OFFICER SIGNATURE | DATE |
|---|---|
| *Guy Thomas* | 9-13-01 |

Original:  S & J
      CC:  CO Parole Office Via IPO
           Class File
           Inmate
           Unit

*Tina Prentzler Whiteside*